IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00722-CMA

EDDIE DESHAWN HARPER,

    Applicant,

v.

WARDEN TERRY JACQUES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART

Applicant, Eddie DeShawn Harper, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Harper has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 1) challenging the validity of his conviction and sentence in Adams County District Court case number 08CR2562. Mr. Harper also has filed a "Motion of Request to the U.S. District Court of Colorado" (ECF No. 4) asking that this action be stayed while he exhausts state remedies.

On March 17, 2021, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. Respondents also were directed to respond to Mr. Harper's motion requesting a stay. On March 31, 2021, Respondents filed their Pre-Answer Response (ECF No. 11) arguing that several of Mr. Harper's claims are unexhausted

and procedurally defaulted. Respondents do not specifically address the request for a stay. Mr. Harper has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Application and other papers filed by Mr. Harper liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Harper was convicted by a jury on one count of first degree extreme indifference murder and three counts of attempted extreme indifference murder. The Colorado Court of Appeals described the relevant factual background and trial proceedings on direct appeal as follows:

> Defendant got into a gang-related argument with eventual victim Benoit. Following a veiled threat from defendant, Benoit contacted members of his gang and, telling them that defendant was being aggressive, he requested a ride to his home.
>
> When the group arrived to pick up Benoit, eventual victims Hood, Herbert, Williams, and others approached defendant's apartment building, where Benoit was waiting outside. Banks, a resident of the apartment building, was also outside. An argument ensued and defendant, from his second-floor window, yelled at the group below to "get off [his] block" and "I will shoot you all." He then began shooting. Benoit, Williams, Herbert, and Banks scattered, but Hood was hit by one of defendant's bullets and died as a result.
>
> The prosecution charged defendant with one count of first degree murder – after deliberation (victim Hood); one count of first degree extreme indifference murder (victim Hood); four counts of attempted first

2

degree murder – after deliberation (victims Benoit, Williams, Herbert, Banks); four counts of attempted extreme indifference murder (victims Benoit, Williams, Herbert, Banks), and crime of violence.

Defendant asserted the defenses of self-defense and defense of others at trial. The court admitted defendant's recorded statements to police about the shooting, as well as a transcript of them. The court also admitted audio recordings of the multiple 911 calls received from various people at the apartment building during the shooting.

Police recovered defendant's gun, which the court admitted into evidence. Benoit, Williams, and Herbert testified that they did not have a gun at the time of the shooting, and no witnesses testified to seeing anyone in the crowd with a gun. However, police had found a knife on the ground near the entrance to the apartment building, and there was testimony that Williams had gestured with his hand in his pocket like he was carrying a gun as he approached.

Following trial, the court instructed the jury on the elements of each charge and various lesser included offenses. During deliberations, the jury had access to the transcript of defendant's statements to police, and at the jury's request, the court provided the 911 audio recordings. The court did not limit the jury's access to these items of evidence in any fashion.

The jury returned verdicts convicting defendant of reckless manslaughter (victim Hood); first degree extreme indifference murder (victim Hood); three counts of attempted reckless manslaughter (victims Benoit, Herbert, and Banks); three counts of attempted first degree extreme indifference murder (victims Benoit, Herbert, and Banks); and crime of violence. Although instructed concerning second degree murder as a lesser included offense of first degree murder – after deliberation, the jury did not convict defendant of that offense. The jury acquitted defendant of the charges relating to Williams.

The court merged the reckless manslaughter conviction into the extreme indifference murder conviction (victim Hood) and the attempted reckless manslaughter convictions into the attempted extreme indifference murder convictions (victims Benoit, Herbert, and Banks). The court sentenced defendant to life without parole for first degree extreme indifference murder, and to sixteen years each on the three attempted extreme indifference murder convictions, all to run consecutively.

(ECF No. 11-3 at pp.2-5.) The judgment of conviction was affirmed on direct appeal.

(*See id.*) On August 3, 2015, the Colorado Supreme Court denied Mr. Harper's petition for writ of certiorari on direct appeal. (*See* ECF No. 11-4.)

On January 11, 2016, Mr. Harper filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure (ECF No. 11-5) that later was supplemented by counsel (*see* ECF No. 11-6). On September 20, 2016, the trial court denied the Rule 35(c) motion. (*See* ECF No. 11-7.) The trial court's order was affirmed on appeal. (*See* ECF No. 11-9.) On July 27, 2020, the Colorado Supreme Court denied Mr. Harper's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 11-10.)

Mr. Harper initiated this action on March 10, 2021. He asserts thirteen claims for relief:

1. The convictions for extreme indifference murder and attempted extreme indifference murder are inconsistent with the verdicts for reckless manslaughter and attempted reckless manslaughter.

2. The jury instructions failed to state that "knowingly causing death" is an element of extreme indifference murder.

3. The extreme indifference murder statute is unconstitutionally vague as applied to Mr. Harper.

4. The prosecutor misstated the law regarding greater and lesser offenses during closing argument.

5. Trial counsel was ineffective in failing to object to the allegedly inconsistent verdicts or the allegedly improper merger of lesser offenses into greater offenses, and appellate counsel was ineffective for failing to address the plain error issue on direct appeal.

6. Trial counsel was ineffective in failing to interview and subpoena witnesses.[1]

---

[1] Like Respondents, the Court construes claim 6 as a claim that counsel was ineffective by failing to

7. Trial counsel was ineffective in failing to object to erroneous instructions regarding the definition of universal malice, and appellate counsel was ineffective for failing to raise the issue on direct appeal.

8. Trial counsel was ineffective in failing to present a viable defense to extreme indifference murder.

9. Trial counsel was ineffective in acquiescing and contributing to an incorrect explanation of the law of defense of self and others during voir dire.

10. Trial counsel was ineffective in failing to address the "knowing" element of extreme indifference murder at any point during trial.

11. Trial counsel was ineffective in failing to address the multiple assailant component of the law of defense of self and others and allowed the jury to deliberate with an incomplete and inaccurate understanding of the law.

12. Trial counsel was ineffective in failing to interview and call Angel Ward as a defense witness.

13. Cumulative error.

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents concede that Mr. Harper has exhausted state remedies for claims 1-4 and two of the ineffective assistance of counsel claims (claims 9 and 12). However, Respondents contend the remaining ineffective assistance of counsel claims (claims 5-8, 10, and 11) are not exhausted because, although Mr. Harper raised the claims in his

---

interview and subpoena witnesses generally. Although the specific factual allegations in claim 6 relate to Angel Ward, Mr. Harper asserts a separate claim, claim 12, that more fully addresses counsel's alleged ineffectiveness by failing to interview and call Angel Ward as a witness.

postconviction Rule 35(c) motion, he did not raise the claims on appeal from the trial court's order denying the Rule 35(c) motion. Respondents contend the cumulative error claim (claim 13) is unexhausted because the claim was not raised in any state court appeal.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly" and "[p]rinciples of comity and federalism demand that the requirement be strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (internal quotation marks omitted). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate

state remedies are exhausted).

### A. Ineffective Assistance of Counsel Claims (claims 5-8, 10, and 11)

The record before the Court demonstrates that Mr. Harper raised a number of ineffective assistance of counsel claims in the postconviction Rule 35(c) proceedings. However, he presented only two claims in his opening brief on appeal from the denial of his postconviction Rule 35(c) motions, arguing specifically that counsel was ineffective by failing to interview and call Angel Ward as a defense witness and by acquiescing and contributing to an incorrect explanation of the law of defense of self and others. (*See* ECF No. 11-8.) Mr. Harper did not raise on appeal the ineffective assistance of counsel arguments set forth in claims 5-8, 10, and 11 in the Application. Therefore, Mr. Harper fails to demonstrate he has exhausted state remedies with respect to claims 5-8, 10, and 11.

### B. Cumulative Error (claim 13)

The record before the Court demonstrates that Mr. Harper did not raise a cumulative error claim in his state court appeals. Therefore, claim 13 also was not fairly presented to the state courts and is not exhausted.

## IV. PROCEDURAL DEFAULT

The Court may not dismiss Mr. Harper's unexhausted claims for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Court agrees with Respondents that Mr. Harper no longer has an adequate and effective state remedy available to him to raise the unexhausted claims. In particular, Rules 35(c)(3)(VI) and (VII) of the Colorado

Rules of Criminal Procedure provide that, with limited exceptions not applicable to Mr. Harper, the state court must dismiss any claim that was raised and resolved in a prior postconviction proceeding as well as claims that could have been raised in a prior appeal or postconviction proceeding. Mr. Harper actually raised the unexhausted ineffective assistance of counsel claims in the trial court, and he could have raised all of the unexhausted claims on appeal.

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See id.* at 730.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

Mr. Harper fails to demonstrate that Rules 35(c)(3)(VI) and (VII) of the Colorado

Rules of Criminal Procedure are not independent and adequate state procedural rules. In any event, the Court finds that the rules are independent because they rely on state rather than federal law. Rules 35(c)(3)(VI) and (VII) also are adequate because they are applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review).

Mr. Harper's unexhausted claims would be rejected because of independent and adequate state procedural rules if he returned to state court to present the claims. Thus, the claims are subject to an anticipatory procedural default and cannot be considered unless Mr. Harper demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317.

To demonstrate cause for his procedural default, Mr. Harper must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Harper can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal

law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Harper's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Harper makes no argument to demonstrate cause and prejudice to overcome his procedural default of the unexhausted claims. As Respondents note, Mr. Harper conceivably could seek to demonstrate cause for the unexhausted ineffective assistance of counsel claims based on the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17. However, the holding in *Martinez* is not applicable in this action because the unexhausted ineffective assistance of counsel claims were defaulted on appeal from the denial of Mr. Harper's Rule 35(c) motion and not in an initial-review collateral proceeding. Prior to *Martinez*, the Supreme Court held that attorney errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default, *see Coleman*, 501 U.S. at 757, and the Supreme Court in *Martinez* reaffirmed that holding:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, 566 U.S. at 16 (emphasis added, citation omitted). Therefore, Mr. Harper cannot rely on *Martinez* to demonstrate cause for his procedural default of the unexhausted ineffective assistance of counsel claims.

Mr. Harper also fails to present any argument that demonstrates a failure to consider the merits of any of the defaulted claims will result in a fundamental miscarriage of justice. As a result, claims 5-8, 10, 11, and 13 are procedurally barred.

**V. MOTION FOR STAY**

The Court finally will address Mr. Harper's "Motion of Request to the U.S. District Court of Colorado" (ECF No. 4). In the motion Mr. Harper asks the Court to stay these proceedings until he has "exhausted all remedies in the Colorado District Court pursuant to Crim. P. Rule 35." Mr. Harper also requests an opportunity to supplement the Application after he exhausts state remedies. Mr. Harper does not identify the claims he apparently intends to pursue in state court postconviction proceedings or that he may seek to raise in a supplement in this action.

Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies is a matter of district court discretion. *See Rhines v. Weber*, 544 U.S.

269 (2005). However, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. A motion for a stay may be granted only if: (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. Good cause may include confusion about whether a state filing would be timely, ineffective assistance of postconviction counsel, wrongful withholding of information by the prosecution, or some other external objective factor that is not fairly attributable to the applicant. *See Doe v. Jones,* 762 F.3d 1174, 1182 (10th Cir. 2014). The amount of time remaining to file a federal action also "is a significant factor in determining whether a *Rhines* stay is appropriate." *Id.* at 1180.

The motion for a stay will be denied. A stay is not necessary with respect to any claim or claims in the Application because, as discussed in this order, Mr. Harper's unexhausted claims in the Application are subject to an anticipatory procedural default and are procedurally barred. *See Johnson v. Raemisch*, 779 Fed. App'x 507, 514 n.6 (10th Cir. 2019) (noting that the petitioner is not entitled to a stay under *Rhines* because his unexhausted claims are subject to an anticipatory procedural default). Mr. Harper does not identify any other potentially meritorious unexhausted claim or claims, and he fails to allege or demonstrate good cause for failing to exhaust any such claims prior to filing this action.

## VI. CONCLUSION

In summary, the Court finds that claims 1-4, 9 and 12 are exhausted. The Court

will dismiss claims 5-8, 10, 11, and 13 because those claims are unexhausted and procedurally barred. The motion for a stay will be denied. Accordingly, it is

**ORDERED** that claims 5-8, 10, 11, and 13 are dismissed as unexhausted and procedurally barred. It is further

**ORDERED** that the "Motion of Request to the U.S. District Court of Colorado" (ECF No. 4) is denied. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if any.

DATED June 23, 2021.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge